

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| JUAN R. APARICIO and | § | CASE NO: 11-42385 |
| MARTINA S. APARICIO, | § | CHAPTER 11 |
| | § | |
| Debtors. | § | |

## ORDER GRANTING PROVISIONAL CLOSING OF
## CHAPTER 11 CASE FOR AN INDIVIDUAL DEBTOR

An Application for Final Decree or other motion seeking the final closing of this case has been filed by Juan R. Aparicio and Martina S. Aparicio, the individual Chapter 11 Debtors. However, notwithstanding any "substantial consummation" of the confirmed plan which may have occurred in this case, 11 U.S.C. § 1141(d)(5) now requires that all payments under a confirmed Chapter 11 plan be completed as a prerequisite to the entry of an order of discharge for an individual Chapter 11 debtor. In this district, that discharge process is initiated by the filing of a "Notice of Plan Completion by Individual Debtor in a Chapter 11 Case" *[TXEB Local Form 4004-b]* which thereafter triggers other duties of a Chapter 11 individual debtor to submit required statements under penalty of perjury. Thus, since these actions have not yet occurred in this case, this case has not been "fully administered" under 11 U.S.C. § 350 and the entry of a Final Decree is premature and unjustified under the circumstances.

However, such circumstances do establish just cause to grant a provisional closing of this case, subject to the subsequent filing by the Debtors of two documents: a Motion to Reopen[1] and a separate Notice of Plan Completion, both to be filed upon the completion of all payments required to be made under the confirmed Chapter 11 plan. Accordingly, the Court finds that just cause exists for entry of the following order.

**IT IS THEREFORE ORDERED** that the above-referenced Chapter 11 case is **PROVISIONALLY CLOSED** subject to its anticipated re-opening upon the completion of all payments required to be made under the confirmed Chapter 11 plan. All other relief sought by the Motion, if any, is **DENIED**.

Signed on 4/2/2014

*Brenda T. Rhoades*  SR
HONORABLE BRENDA T. RHOADES,
UNITED STATES BANKRUPTCY JUDGE

---

[1] Such motion to reopen may properly contain a request for a waiver of any fee for reopening the case as an "appropriate circumstance" for such waiver in that this case would not have been previously closed due to a dereliction of any duty by the debtor.